THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GRACY and Another, Appellants.— Order allowing amendments proposed by the People to defendants' proposed case on appeal reversed upon the law, and motion denied. We express no opinion as to whether the incident referred to constituted error or reversible error. That is not the question before us. We are convinced that a litigant in a civil or criminal case, and particularly in a criminal case, should be permitted to include in the record on appeal all rulings of the court and orders or directions made by the trial judge during the course of the trial which it is claimed were prejudicial to the appellant. We do not say that every remark of the judge must be printed. If he orders an attendant to open a window, or close a door, of course it would be ridiculous to insist that such matters should be placed in a case on appeal, but where an appellant seriously complains of something occurring during the trial (and we do not think it makes any difference whether it is during the actual trial or during the recess) we think it should be included in the record. Kelly, P. J., Manning and Young, JJ., concur; Rich and Kelby, JJ., dissent on the ground that the direction of the trial judge was during

the recess of the court, not in the presence of the jury, and not material to the case on appeal.